OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Plaintiff-Appellant, Elaine Lepowsky, appeals the decision of the Columbiana County Court of Common Pleas that granted a divorce between she and Defendant-Appellee, Charles Lepowsky, divided the parties' marital property, and awarded spousal support to her. Elaine raises two issues on appeal.
 {¶ 2} First, Elaine argues that the trial court abused its discretion when dividing the marital property by giving Charles the bulk of the marital assets, but she improperly includes the parties' future social security benefits as part of the marital property to be divided. A proper calculation of the division of marital property shows that the trial court actually divided the property in her favor and did not abuse its discretion.
 {¶ 3} Second, Elaine maintains the trial court's abused its discretion when awarding spousal support by awarding an insufficient amount of spousal support for an insufficient length of time. When making a spousal support award, a trial court must indicate the basis for its award of spousal support in sufficient detail to enable a reviewing court to determine whether the award is fair, equitable and in accordance with the law. In this case, the trial court's findings support its decision to award spousal support, but give no indication how it reached the amount it awarded. Thus, the trial court failed to indicate the basis for its award in sufficient detail.
 {¶ 4} For these reasons, the trial court's division of the parties' marital property is affirmed, but its decision awarding spousal support is reversed and this matter is remanded so the trial court can indicate the basis for its award of spousal support in sufficient detail to enable a reviewing court to determine whether the award is fair, equitable and in accordance with the law.
 Facts {¶ 5} Elaine and Charles were married in 1968. The couple had four children, who were all adults by the time Elaine filed her complaint for divorce in September 2002. At the time of the divorce, Elaine was 55 and Charles was 54.
 {¶ 6} Elaine has little more than a high school education and was primarily a homemaker during the couple's marriage. She obtained a beautician's license at one time, but that license lapsed by the time she filed for divorce. At the time she filed for divorce, she was earning some extra money by cleaning houses. While the case was pending, Elaine took classes so she could be a medical transcriptionist, at which she would make between eight and ten dollars per hour. Those classes were not complete at the time of the final divorce hearing.
 {¶ 7} During the marriage, Charles worked for General Motors. Between 1999 and 2003, he never earned less than $83,900.00 and was projected to earn around $101,000.00 in 2004.
 {¶ 8} Before the final hearing, the parties entered into a partial settlement agreement, in which they agreed to equally split the marital home, Charles's pensions, and various household goods. The parties also agreed that each should keep their own vehicle.
 {¶ 9} After the final hearing, the trial court divided the marital property. It found that Charles wasted marital property by selling a vehicle for much less than it was worth and by cashing in some certificates of deposit early, thereby incurring penalties, and "awarded" him the value of those wasted assets in the property division. It further justified any award in Elaine's favor by noting the great discrepancy between the social security benefits the parties would receive in the future.
 {¶ 10} The trial court also awarded spousal support to Elaine. It noted the disparity in the parties' income, Elaine's lack of marketable skills, and the long duration of the marriage and concluded that a spousal support award was appropriate and reasonable. It then awarded Elaine spousal support in the amount of $1,020.00 per month for eighty-two months.
 Division of Marital Property {¶ 11} In her first assignment of error, Elaine argues:
 {¶ 12} "The trial court abused its discretion in its division of property when it allocated Appellee/Husband 75% of the assets."
 {¶ 13} According to Elaine, the trial court gave Charles a much larger share of the marital assets even though he has a much greater earning potential. However, her calculation of the amounts involved in the property division are incorrect.
 {¶ 14} A domestic relations court is required, when granting a divorce, to equitably divide and distribute the marital property between the parties. R.C. 3105.171(B); Wolfe v. Wolfe
(1976), 46 Ohio St.2d 399. When dividing marital property, the trial court must divide it equally between the parties unless an equal division would be inequitable. R.C. 3105.171(C)(1); see also Cherry v. Cherry (1981), 66 Ohio St.2d 348 (A potentially equal division of the martial property is the starting point of the trial court's analysis). In determining what is an equitable division of the marital property, the court must consider "all relevant factors", including those found in R.C. 3105.171(F). Id. Pursuant to R.C. 3105.171(F), a trial court which is making a division of marital property must consider the duration of the marriage, the assets and liabilities of the spouses, the desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage, the liquidity of the property to be distributed, the economic desirability of retaining intact an asset or an interest in an asset, the tax consequences of the property division upon the respective awards to be made to each spouse, the costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property, any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses, and any other factor the court expressly finds to be relevant and equitable.
 {¶ 15} When dividing marital property a court must "determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses." R.C. 3105.171(B). Pursuant to R.C.3105.171(G), a trial court must indicate the basis for its division of the marital property in sufficient detail to enable a reviewing court to determine whether the award is fair, equitable and in accordance with the law. Kaechele v. Kaechele (1988),35 Ohio St.3d 93, 97. As a part of these findings, the trial court must assign a value to all of the marital property. Spychalskiv. Spychalski (1992), 80 Ohio App.3d 10; Hruby v. Hruby (June 11, 1997), 7th Dist. No. 93-C-9, at 3; R.C. 3105.171(B). A trial court is only required to indicate the basis for its decision and does not have to explain its reasoning in detail. Davis v.Davis (Dec. 26, 2001), 7th Dist.
 {¶ 16} "Since a trial court has broad discretion in the allocation of marital assets, its judgment will not be disturbed absent an abuse of discretion." Neville v. Neville,99 Ohio St.3d 275, 2003-Ohio-3624, at ¶ 5. When reviewing a trial court's decision for an abuse of discretion, we cannot simply substitute our judgment for that of the trial court. Holcomb v. Holcomb
(1989), 44 Ohio St.3d 128, 131. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 17} In their arguments on appeal, both Elaine and Charles miscalculate the value of the marital property divided by the trial court. A thorough review of the trial court's award shows that its division of the marital property was virtually equal.
 {¶ 18} The parties entered into a partial settlement agreement. In that agreement, they agreed that Charles would retain the couple's real estate, but would owe Elaine $45,000.00 for her half of the equity in the home. They also agreed to equally divide Charles's pensions. Charles had a pension with the Plumbers Pipefitters Local 396 Pension Fund worth $32,794.14 at the time of the divorce. He also had a pension with the General Motors Hourly-Rate Employee's Pension Plan worth $56,351.98.
 {¶ 19} The partial settlement agreement also stated that the household goods and furnishings would be split per the agreement of the parties. This property was not valued by the trial court, but the testimony showed that the division of those household goods was equal.
 {¶ 20} In their partial settlement agreement, the parties also agreed that each party would retain his or her vehicle and would be solely responsible for all liens associated with the vehicle they retained. At the time of the divorce, Charles owned a 2002 GMC conversion van. Charles testified that the van was worth $20,000.00 at the time of the divorce. The trial court found that the van had a lien against it "of $27,060.62 and that the value of the van is not less than the stated amount of the lien." Since the trial court essentially found that the value of the van was equal to the amount owed on the van, the value of the van as marital property was zero.
 {¶ 21} Elaine's vehicle at the time of the divorce was a 2001 Chevrolet GEO Tracker, which the trial court valued at $7,595.00. The trial court also found that the couple owed $8,013.00 for that vehicle at the time of the divorce. Thus, at the time of the divorce, the vehicle had a negative equity of $418.00. The trial court made Elaine responsible for this debt. However, it also ordered that Charles reimburse Elaine in the amount of the actual monthly payments made for this vehicle to comply with the magistrate's order making him responsible for those payments while the divorce was pending. At the final hearing held on March 4, 2004, Elaine testified that she had already paid four monthly payments and that the payments were due on the fifth of each month. She testified on March 4, 2004, and the trial court's judgment was not entered until July 12, 2004. Thus, Charles was obliged to reimburse Elaine for nine payments.
 {¶ 22} The trial court then divided the property which was not addressed in the partial settlement agreement. It awarded Charles a watch collection valued at $500.00 and his personal savings plan with General Motors, which was valued at approximately $17,000. The trial court also found that Charles was responsible for incurring certain penalties when prematurely negotiating some certificates of deposit and found that the lost value of those CDs should be attributed to the marital portion of his estate. The lost value of the CDs was $13,003.52. The trial court also credited lost equity of $6,500.00 in a Jeep to Charles's portion of the estate. The trial court awarded Elaine an Allianz annuity valued at $488.00 and certain CDs valued at $36,800.00.
 {¶ 23} Finally, the trial court determined that certain property was the parties' separate property rather than their marital property. In particular, the trial court found that about $14,000.00 worth of CDs were funded by an inheritance from Elaine's aunt and were her separate property. It also found that certain debts were Charles's separate debts. The trial court also made Charles responsible for a home equity line of credit that was currently being repaid by one of the couple's adult sons.
 {¶ 24} When the various marital assets and debts are divided between the parties, the total amount of the marital property awarded to Charles was $126,576.58 and the total amount awarded to Elaine was $126,443.06, virtually an equal division of the marital assets. If the lost value of the assets charged to Charles is taken out of the equation, then he was only awarded $107,073.06. These calculations do not include the amount Charles is obligated to give Elaine as reimbursement for the car payments she made while the divorce was pending.
 {¶ 25} Elaine contends this calculation is incorrect since it fails to take the value of the parties' future social security benefits into account. The trial court noted that Charles's social security account was valued at $205,924.00, while Elaine's was only valued at $15,088.00. It found that the disparity between these amounts counterbalance any disparity of the division of marital property in her favor. Elaine argues that the trial court erred when using the social security accounts in this manner. According to her, the trial court should have also divided the value of the social security accounts when dividing the marital property.
 {¶ 26} Elaine's argument ignores Ohio Supreme Court caselaw, which states that social security benefits are not marital assets. In Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, the court set guidelines for a trial court to follow when exercising its discretion in considering pension or retirement benefits in a divorce. In doing so, it noted that pension or retirement benefits earned during the course of a marriage are generally marital assets. Id. at 178. However, the Ohio Supreme Court specifically noted that social security benefits are an exception to this general rule. Id. at 178, footnote 3.
 {¶ 27} In Neville v. Neville, 99 Ohio St.3d 275,2003-Ohio-3624, at ¶ 8, the Ohio Supreme Court again stated that social security benefits are not subject to division in a court proceeding. In Neville, the court was asked to determine whether a party's social security benefits can be considered for any purpose in a divorce action. The court answered in the affirmative. It held that a trial court may consider the parties' future social security benefits as one of many factors, such as the duration of the marriage or the tax consequences of the property division, when equitably dividing the marital property in a divorce proceeding. Id. at syllabus.
 {¶ 28} These cases prevent the trial court from including a party's social security benefits as a portion of the marital assets to be divided between the parties to a divorce. Instead, social security benefits are something a trial court must consider when determining whether its division of the marital assets is equitable. This is precisely what the trial court did in this case. It recognized that it gave Elaine a larger portion of the marital property, that she had $14,000.00 in separate property, and that Charles had a large amount of separate debt that he would be obligated to pay. It appears the trial court reasonably believed that the disparity in the parties' future social security benefits would counterbalance its division of the marital property in Elaine's favor.
 {¶ 29} Elaine incorrectly argues that the parties' future social security benefits should have been included in the marital assets being divided by the trial court. Instead, the trial court properly considered them as a factor when determining whether its division of the marital property was equitable. The trial court did not abuse its discretion when dividing the marital property and Elaine's first assignment of error is meritless.
 Spousal Support {¶ 30} In her second and third assignments of error, Elaine argues:
 {¶ 31} "The trial court erred and abused its discretion in awarding Appellant/Wife minimal spousal support in a marriage of long duration, where Appellant was a homemaker spouse with limited earning ability, where there was a gross disparity in income and when other statutory criteria are met."
 {¶ 32} "The trial court abused its discretion in awarding spousal support for less than seven years on a thirty-six year marriage."
 {¶ 33} Elaine contends that the trial court abused its discretion when awarding spousal support by awarding an inadequate amount of spousal support for an insufficient amount of time. According to Elaine, she had no marketable skills after being a homemaker during a marriage of long duration, while Charles makes about $100,000.00 per year and will continue to do so after the divorce. Thus, she believes the trial court should have awarded her more than $1,020.00 per month in spousal support and that the award should have been for longer than seven years.
 {¶ 34} Charles argues that the trial court's award balances the need for support against his ability to pay. According to Charles, he only has $615.20 available for spousal support after his reasonable monthly expenses. He further argues that Elaine's circumstances are not as dire as she describes since she could quickly train to be a medical transcriptionist which would pay her between eight to ten dollars per hour and she received a large amount of property in the property division. Finally, Charles argues the duration of the award is reasonable since it was calculated to end at about the time each of them reached retirement age.
 {¶ 35} After a trial court divides the marital property, it must determine whether spousal support is appropriate and reasonable. R.C. 3105.18(B). When a trial court makes this determination, it must look to the fourteen statutory factors listed in R.C. 3105.18(C)(1). Kaechele at paragraph one of the syllabus.
 {¶ 36} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 37} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 38} "(b) The relative earning abilities of the parties;
 {¶ 39} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 40} "(d) The retirement benefits of the parties;
 {¶ 41} "(e) The duration of the marriage;
 {¶ 42} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 43} "(g) The standard of living of the parties established during the marriage;
 {¶ 44} "(h) The relative extent of education of the parties;
 {¶ 45} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 46} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 47} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 48} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 49} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 50} "(n) Any other factor that the court expressly finds to be relevant and equitable." R.C. 3105.18(C)(1).
 {¶ 51} When determining whether spousal support is appropriate and reasonable, the trial court must consider all the statutory factors and not consider any one factor taken in isolation. Kaechele at 96. The goal of this exercise is to achieve an equitable result. Id. Furthermore, a trial court must indicate the basis for its award of spousal support in sufficient detail to enable a reviewing court to determine whether the award is fair, equitable and in accordance with the law. Id. at 97;Helsep v. Heslep (June 14, 2000), 7th Dist. No. 825. As the Eleventh District has stated, this means the "entry must `provide some illumination of the facts and reasoning underlying the judgment.'" Hawley v. Hawley, 11th Dist. No. 2003-P-0096,2004-Ohio-3189, at ¶ 15, quoting Killing v. Killing (Sept. 30, 1994), 11th Dist. No. 93-P-0096.
 {¶ 52} In this case, the trial court stated that it considered the factors in R.C. 3105.18(C) and listed its findings in regard to some of those factors. For instance, it noted the considerable difference in earning potential between the parties and between the parties' future social security benefits. Charles was expected to earn around $101,000.00, while Elaine earned about $5,000.00 and, after coursework, could expect to make about eight to ten dollars per hour. The trial court also noted that the marriage was one of long duration and that Elaine had been a full-time homemaker. But the trial court did not explain how it arrived at the amount it awarded in sufficient detail to enable appellate review.
 {¶ 53} The factors the trial court cites certainly support its conclusion that some amount of spousal support is appropriate and reasonable, but the judgment entry contains no explanation of why $1,020.00 per month for eighty-two months is an appropriate and reasonable amount of spousal support in this case. Even if the trial court imputed income of $10.00 per hour to Elaine and assumed that she worked forty hours per week, fifty-two weeks per year, then her gross income would only be $20,800.00. Thus, after the trial court's spousal support award, Charles would earn approximately $88,760.00 per year, while Elaine would only have about $33,040.00 per year. This is a fairly large discrepancy, especially considering the length of the marriage and the disparity in future social security benefits. This discrepancy would be large even if the trial court had doubled the spousal support award. In that case, Elaine would have about $45,280.00 per year, while Charles would retain about $76,520.00. Nothing in the judgment entry indicates why the trial court found that the amount it awarded was appropriate and reasonable.
 {¶ 54} Furthermore, the record does not immediately reveal why the award was an appropriate and reasonable amount of spousal support. For example, Elaine submitted an exhibit showing that her reasonable monthly expenses would be approximately $3,439.00. She requested that the trial court either award her a lump sum of $20,000, $2000 per month for the first four years, and $1500 per month for the next four years or award her $10,000 as a lump sum and $3000 per month indefinitely. She requested that the trial court award these lump sums in addition to the $45,000 in cash she would receive as her portion of the marital real estate. Charles countered with an exhibit demonstrating that his reasonable monthly expenses would be approximately $4,085.95 and that his disposable monthly income was $4,701.15. Thus, Charles claimed he only had $615.20 per month available to give Elaine in spousal support and asked the trial court to award her that amount. None of these facts support the amount of the trial court's spousal support award and the trial court did not discuss whether any of the expenses claimed by the parties were actually reasonable.
 {¶ 55} Neither the trial court's judgment entry nor the record indicates how it determined that $1,020.00 per month for eighty-two months was an appropriate and reasonable amount of spousal support. Elaine's second and third assignments of error are meritorious. Thus, the trial court's decision is reversed and this matter remanded so the trial court can set forth the basis of its award in sufficient detail to enable this court to determine whether the award is fair, equitable and in accordance with the law.
 Conclusion {¶ 56} Elaine's first claim is that the trial court abused its discretion by not equally dividing the value of the parties' future social security benefits. However, those benefits cannot be a part of the marital estate. Instead, the trial court can consider them when determining whether its division of the marital property is equitable. As this is what the trial court did in this case, it did not abuse its discretion when dividing the marital property, and this part of the trial court's judgment is affirmed.
 {¶ 57} Elaine's second claim is that the trial court abused its discretion when determining spousal support. When making a spousal support award, a trial court must indicate the basis for its award of spousal support in sufficient detail to enable a reviewing court to determine whether the award is fair, equitable and in accordance with the law. In this case, the trial court's findings support its decision to award spousal support, but give no indication how it reached the amount it awarded. Thus, the trial court failed to indicate the basis for its award in sufficient detail. This portion of the trial court's judgment is reversed and this matter is remanded so the trial court can indicate the basis of its spousal support award in sufficient detail to enable appellate review.
Vukovich, J., concurs.
Waite, J., concurs.