[Cite as *Fordyce v. Fordyce*, 2011-Ohio-3406.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| MARGARET E. FORDYCE, | ) | |
| | ) | CASE NO. 10 NO 372 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| ROCKY A. FORDYCE, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Common Pleas
                             Court, Case No. 209-0071.


JUDGMENT:                    Reversed and Remanded.


APPEARANCES:
For Plaintiff-Appellant:      Attorney Joseph H. Brockwell
                             313 Oakwood Avenue
                             Marietta, OH  45750


For Defendant-Appellee:       Attorney William L. Burton
                             119 Maple Street
                             Marietta, OH  45750




JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Gene Donofrio


                             Dated:  June 20, 2011

DeGenaro, J.

{¶1}   Plaintiff-Appellant, Margaret Fordyce, appeals the Noble County Court of Common Pleas decision granting a divorce between her and Defendant-Appellee, Rocky Fordyce, dividing the parties' marital and personal property, and awarding spousal support.  Margaret argues that the trial court abused its discretion when it awarded spousal support of $500 a month without taking into account the factors set forth in R.C. 3105.18(C)(1), and when it failed to award her a variety of items of separate personal property.

{¶2}   Upon review, Margaret's assignments of error have merit.  A trial court's designation of property as marital or separate is necessary and an award of spousal support must detail the reasoning underlying those orders.  Otherwise the reviewing court cannot determine if the award was fair, equitable, and in accordance with the law.  The trial court did not designate whether property was marital or separate property under R.C. 3105.171(B), nor did it grant spousal support with any analysis of or reference to the factors in R.C. 3105.18(C)(1).  Without this information this Court is unable to properly review the property division and spousal support orders.  Accordingly, the trial court's judgment regarding spousal support and property division is reversed, and the case is remanded.

## Facts

{¶3}   Margaret and Rocky Fordyce were married in 1980.  The couple has two children who were emancipated adults when Margaret filed her complaint for divorce.  At the time of the final hearing Margaret was 47 and Rocky was 50 years old.

{¶4}   Margaret has a high school education and, at the time of the final hearing, was studying social services at Washington State Community College.  Throughout the marriage Margaret worked mostly part-time in minimum wage jobs; her last full-time job was over ten years ago.  Prior to filing for divorce, Margaret worked at Pilot where she earned $7.21 an hour and earned a total $8,871.27 in 2008.  Margaret estimated that she worked, on average, 16 hours a week.  Margaret testified that she left her employment at

Pilot in January 2009 to "work on her marriage," which she admitted amounted to sitting down and talking about her marriage with Rocky. The trial court found that Margaret was voluntarily unemployed. Margaret also testified she had health problems including diabetes, a heart stint and severe depression and anxiety.

{¶5} Rocky was the primary source of income during the marriage. He has a high school education and worked at Furmanite of America for the last sixteen years. Rocky testified he was an Account Manager in 2009, with a salary of $75,000 a year, but two weeks before the final hearing the company downsized and he was demoted to Supervisor, with an hourly wage of $26.00. Rocky testified that because of the downsizing his yearly income would be $54,000.

{¶6} Margaret filed a complaint for divorce as well as a motion for various temporary orders, which Rocky answered. After a hearing the trial court's June 10, 2009 order required Rocky to pay the mortgage, utilities, taxes, insurance, and car payments during the pendency of the divorce, provide health coverage for Margaret and pay her $500 a month in temporary spousal support.

{¶7} The trial court held a final hearing on January 13, 2010. Rocky and Margaret testified about a variety of items of personal property that they believed they were entitled to keep as their respective separate property. On February 19, 2010, the trial court granted a divorce on incompatibility grounds. The trial court ordered that the marital residence be sold and the proceeds divided equitably. Rocky was awarded as his separate property an antique washstand, his hunting gear, clothes, eagle statues, a firearm given to him by his brother-in-law, and all remaining firearms. Margaret was awarded as her separate property 2 dressers, a coat tree, a table and two chairs she inherited from her father, her grandmother's table and Heisey dishware, and the 2004 Ford Explorer. The court also provided that "the remainder of the personal property shall be sold at auction, unless otherwise agreed by the parties, and the net proceeds divided equally to the parties." Finally, Rocky was ordered to pay Margaret $500 a month in spousal support until January 15, 2013, or until Margaret marries or cohabits with another, whichever occurs earlier.

## Division of Property

{¶8}  We will address Margaret's two assignments of error in reverse order, as the trial court's property division is a factor to be considered when calculating spousal support.  R.C. 3105.18(c)(1)(i).  In her second of two assignments of error, Margaret asserts:

{¶9}  "The trial court abused its discretion by not awarding to the appellant certain items of personal property when there was testimony that those items were her property and the Appellee had testified that he had no objection to Appellant getting whatever items she asked for."

{¶10}  Margaret argues that the trial court abused its discretion when it failed to explicitly award her a variety of personal property she claims is separate, not marital property, including: a coffee table, end table, trash cans, laundry basket, long tissue box, cookie jar, sugar canister, umbrella basket, TV basket, rings, necklaces, earrings, tools, guns, and machinery.  In support of this contention Margaret notes that Rocky did not object to her having this property.  Rocky counters that the trial court's decision recognized this property's existence and specifically stated that, if the parties could agree on a division, they could divide the property as they saw fit, otherwise the personal property must be sold and the proceeds divided equally.  Margaret's argument is meritorious.

{¶11}  "Since a trial court has broad discretion in the allocation of marital assets, its judgment will not be disturbed absent an abuse of discretion." *Neville v. Neville*, 99 Ohio St.3d 275, 791 N.E.2d 434, at ¶5.  But "[a]n appellate court applies a manifest weight of the evidence standard of review to a trial court's designation of property as either marital or separate." *Barkley v. Barkley* (1997), 119 Ohio App.3d 155, 159, 694 N.E.2d 989; *Miller v. Miller*, 7th Dist. No. 08 JE 26, 2009-Ohio-3330, at ¶20.  "When the parties contest whether an asset is marital or separate property, the presumption is that the property is marital, unless proven otherwise." *Sanor v. Sanor,* 7th Dist. No. 2001 CO 37, 2002-Ohio-5248, at ¶53; *Miller* at ¶20.  "The burden of tracing separate property is upon the party claiming its existence." *DeLevie v. DeLevie* (1993), 86 Ohio App.3d 531, 536,

621 N.E.2d 594; *Miller* at ¶20. "Therefore, the judgment of the trial court will not be disturbed upon appeal if supported by some competent, credible evidence." *Fletcher v. Fletcher* (1994), 68 Ohio St.3d 464, 468, 628 N.E.2d 1343; *Miller* at ¶20.

**{¶12}** Under R.C. 3105.171(B) a trial court must determine what is marital and what is separate property and equitably divide the property as part of the divorce. "Marital property" includes, inter alia, "[a]ll real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage. R.C. 3105.171(A)(3)(a)(i). In contrast, "separate property" includes, inter alia, "[a]n inheritance by one spouse by bequest devise or descent during the course of the marriage," and "any gift of any real or personal property * * * that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse." R.C. 3105.171(A)(3)(b)(iv), R.C. 3105.171(A)(3)(b)(vii). Like determining the amount of spousal support, the trial court, when allocating property between the parties, "must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." *Miller* at ¶80.

**{¶13}** Here, Margaret lists a variety of items she claims are separate, not marital, property. During the final hearing Margaret testified these items were separate property because they were gifts from family and friends. But this property is not mentioned in the trial court's judgment entry, even though the court determined that some of the other items Rocky and Margaret testified to were separate property and awarded the property accordingly. The trial court failed to make any determination as to whether the property in question was marital or separate. The trial court is the ultimate trier of fact in this case, and this Court cannot substitute its judgment for that of the trial court. Absent a determination from the trial court concerning the property this Court cannot determine whether the trial court's ruling was against the manifest weight of the evidence.

### Spousal Support

**{¶14}** In her first assignment of error, Margaret asserts:

**{¶15}** "The trial court abused its discretion by awarding spousal support of only $500 per month to Appellant without explicitly taking into account all of the factors set forth in R.C. Sec. 3105.18(C)(1)."

**{¶16}** "When reviewing an award of spousal support, an appellate court will not reverse the trial court's award absent an abuse of discretion." *Miller v. Miller*, 7th Dist. No. 08 JE 26, 2009-Ohio-3330 at ¶139, citing *Faller v. Faller*, 7th Dist. No. 07 MA 216, 2008-Ohio-6638, ¶48, *Blakemore v. Blakemore*, 5 Ohio St.3d at 219, 450 N.E.2d 1140. "When reviewing a trial court's decision for an abuse of discretion, we cannot simply substitute our judgment for that of the trial court." *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 131, 541 N.E.2d 597. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore* at 219.

**{¶17}** However, the trial court's discretion is not unlimited and is governed in large part by the spousal-support statute, R.C. 3105.18. See *Waller v. Waller*, 163 Ohio App.3d 303, 2005-Ohio-4891, 837 N.E.2d 843, at ¶40. Pursuant to R.C 3105.18(B), the trial court must divide marital assets before determining whether spousal support is appropriate and reasonable. See, also, *Lepowsky v. Lepowsky*, 7th Dist. No. 04 CO 42, 2006-Ohio-667, at ¶51. Further, a trial court must examine the fourteen factors contained in R.C. 3105.18(C)(1).

**{¶18}** When determining whether spousal support is appropriate and reasonable, the trial court should consider the statutory factors as a whole and not consider any one factor in isolation. *Lepowsky,* 2006-Ohio-667 at ¶51, citing *Kaechle v. Kaechle* (1988), 35 Ohio St. 3d 93, 96, 518 N.E.2d 1197. To this end, the court need not expressly comment on each factor but "must indicate its basis for the award of spousal support in sufficient detail to enable a reviewing court to determine that the award is fair, equitable, and in accordance with the law." *Boney v. Boney*, 7th Dist. No. 09 NO 363 2010-Ohio-4245 at ¶23, citing *Kaechle* at 96. "Thus, if the entry does not provide some illumination of the facts and reasoning for the award, the case should be remanded." *Boney* at ¶23, citing *Lepowsky*, 2006-Ohio-667, at ¶52-55**.**

**{¶19}** The record is silent regarding whether the trial court considered any of the R.C. 3105.18(C)(1) factors when it made the spousal support award. The trial court does not even reference the statute in its judgment entry, which states the "Defendant shall continue to pay to Plaintiff spousal support in the amount of $500.00 per month, as set forth in the temporary orders, until Plaintiff remarries, dies, co-habits in a quasi marital relationship with another, or through January 15, 2013, which ever [sic] event should sooner occur." Without any reasoning from the trial court, we are unable to review the award and determine whether it was fair, equitable, and in accordance with the law.

**{¶20}** In sum, the case is remanded to the trial court because this Court cannot adequately review the decision of the trial court. The trial court's entry does not determine whether certain property was marital or separate property. Moreover, the spousal support award does not reference R.C. 3105.18(C)(1) or analyze the factors contained therein. Accordingly, both of Margaret's assignments of error are meritorious, and the trial court's judgment regarding the property division and spousal support is reversed, and the case remanded for further proceedings on these issues.

Waite, P.J., concurs.

Donofrio, J., concurs.