[Cite as *Fordyce v. Fordyce*, 2013-Ohio-536.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| MARGARET E. FORDYCE | ) | CASE NO. 11 NO 389 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| ROCKY A. FORDYCE | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from the Court of Common Pleas of Noble County, Ohio Case No. 209-0071

JUDGMENT: Affirmed.

APPEARANCES:

For Plaintiff-Appellee: Atty. Miles D. Fries
320 Main Street, P.O. Box 190
Zanesville, OH 43702-0190


For Defendant-Appellant: Atty. Alan P. Friedman
7110 E. Livingston Avenue
Reynoldsburg, Ohio 43068

Atty. Kathryn R. Gugle
2720 Airport Drive, Suite 100
Columbus, Ohio 43219


JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: February 14, 2013

WAITE, J.

{¶1} This matter is before us following a remand from our earlier decision. Appellant Rocky Fordyce and Margaret Fordyce, Appellee, were divorced in 2010. Appellee filed an appeal of the trial court's division of property and spousal support order. On appeal, this Court reversed both the division of property and the spousal support order because it did not appear that the court applied the appropriate statutory requirements when making either determination.

{¶2} On remand the trial court applied the appropriate factors and issued a new support order. Appellant has appealed the order as it involves spousal support, contending that the trial court did not have jurisdiction on appeal to award indefinite support and abused its discretion in awarding both the duration and amount of support. Based on our review of the record, the judgment of the trial court was reasonable and took into account the necessary factors. Because the trial court did not abuse its discretion, Appellant's two assignments of error are without merit and are overruled.

Factual and Procedural History

{¶3} The facts are unchanged from the prior appeal. Appellant and Appellee were married in 1980. The couple has two children who were emancipated adults when Appellee filed her complaint for divorce. At the time of the final hearing Appellee was 47 and Appellant was 50 years old. Appellee has a high school education and, at the time of the final hearing, was studying social services at Washington State Community College. Throughout the marriage Appellee worked mostly part-time in minimum wage jobs. Her last full-time job was over ten years

ago. Prior to filing for divorce, Appellee worked at Pilot, where she earned $7.21 an hour and earned a total of $8,871.27 in 2008. Appellee estimated that she worked, on average, 16 hours a week. Appellee testified that she left her employment at Pilot in January of 2009 to "work on her marriage," which she admitted amounted to sitting down and talking about the marriage with Appellant. Appellee also testified she had health problems including diabetes, a heart stent, severe depression, and anxiety.

{¶4} Appellant was the primary source of income during the marriage. He has a high school education and worked at Furmanite of America for the last sixteen years. Appellant testified he was an account manager in 2009, with a salary of $72,000 a year, but two weeks before the final hearing in the divorce case the company downsized and he was demoted to supervisor, with an hourly wage of $26.00. Appellant testified that because of this demotion his yearly income would be $54,000.

{¶5} Appellee filed a complaint for divorce as well as a motion for various temporary orders. Appellant responded. After a hearing, the trial court issued an order on June 10, 2009 that required Appellant to pay the mortgage, utilities, taxes, insurance, and car payments during the pendency of the divorce, provide health coverage for Appellee and pay her $500 a month in temporary spousal support until a permanent determination was made by the court.

{¶6} Subsequently, on February 19, 2010, the trial court granted a divorce. The trial court found that Appellee was voluntarily underemployed but ordered Appellant to pay $500 a month in spousal support until January 15, 2013, or until

Appellee marries or cohabits with another, whichever occurs earlier. Appellee filed a timely appeal of this entry, challenging both the division of property and the spousal support award on the grounds that the trial court abused its discretion in dividing property and awarding support without explicitly considering the factors set forth in R.C. 3105.18(C)(1). This Court sustained both of Appellee's assignments of error, reversed both the division of property and the support order, and remanded the matter to the trial court for further proceedings in accordance with R.C. 3105.171 and 3105.18(C)(1). On remand, the trial court held a hearing on both issues. On September 23, 2011, the court issued another entry dividing the parties' property and ordering support. Appellant filed a timely appeal from this order as it pertains to support.

Argument and Law

Assignment of Error No. 1

THE TRIAL COURT ABUSED ITS DISCRETION ON REMAND WHEN IT MODIFIED ITS PRIOR ORDER WHICH LIMITED THE PAYMENT OF SPOUSAL SUPPORT TO JANUARY 15, 2013 BY EXTENDING THE PAYMENT OF SPOUSAL SUPPORT INDEFINITELY.

Assignment of Error No. 2

THE TRIAL COURT ABUSED ITS DISCRETION ON REMAND WHEN IT RE-DETERMINED SPOUSAL SUPPORT USING AN EQUALIZATION OF INCOME STANDARD.

**{¶7}** Appellant first argues that our order reversing the original support order was not a complete reversal because Appellee explicitly mentioned only the amount of the support order in her 2010 appeal, and did not appear to attack the entire order. Appellant contends that because of this, that portion of the trial court's decision as to the duration of support is *res judicata* and survived reversal. In Appellant's argument, he misunderstands the effect of reversal of a final appealable order, misapplies the doctrine of *res judicata*, and ignores the explicit language of R.C. 3105.18(C), which we expressly charged the trial court to apply when making a new determination of spousal support. Appellant also attaches material to his brief that was not filed in the trial court. This material is not properly before us on appeal. We cannot consider information that was not provided to the trial court, and we must disregard all such material filed in this instance. *State ex rel. Montgomery Cty. Pub. Defender v. Siroki*, 108 Ohio St.3d 207, 2006-Ohio-662. 842 N.E.2d 508. The balance of both of Appellant's assignments of error challenge the trial court's discretion in awarding spousal support, and for this reason they will be considered together.

**{¶8}** We vacated the trial court's original support award in its entirety and remanded the matter, as follows:

> In sum, the case is remanded to the trial court because this Court cannot adequately review the decision of the trial court. The trial court's entry does not determine whether certain property was marital or separate property. Moreover, the spousal support award does not reference R.C. 3105.18(C)(1) or analyze the factors contained therein.

> Accordingly, both of Margaret's assignments of error are meritorious, and the trial court's judgment regarding the property division and spousal support is reversed, and the case remanded for further proceedings on these issues.

*Fordyce v. Fordyce*, 7th Dist. No. 10 NO 372, 2011-Ohio-3406, ¶20. The effect of our reversal of the trial court's original order was to return the matter to the trial court for a complete review and determination of the division of assets and support. No portion of the original order as to those issues remained intact once the order was reversed and remanded.

{¶9} The code section we explicitly charged the trial court to consider, R.C. 3105.18(C)(1), provides:

> In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors* * *

The section explicitly includes the duration of support and continues with a list of factors for the court to consider. On remand, the trial court ordered the parties to submit proposed findings of fact and conclusions of law as to what property, if any, should be excluded from the division of property. The parties were also ordered to submit information relevant to whether spousal support should be ordered, and the amount and duration of that award. On September 23, 2011, the trial court issued an order encompassing findings of fact and conclusions of law as to the division of

property and spousal support. The trial court explicitly reserved jurisdiction over the support issue in ¶6, p. 6 of the entry.

**{¶10}** The factors the trial court was to consider on remand are as follows:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j)  The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k)  The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l)  The tax consequences, for each party, of an award of spousal support;

(m)  The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n)  Any other factor that the court expressly finds to be relevant and equitable.

R.C. 3105.18(C)(1)(a)-(n).

**{¶11}** The trial court determined with regard to factors (a), (b), and (m) that Appellant has been steadily employed at Furmanite of America for the past 16 years, working as a superintendent until he was promoted to account manager.  As account manager he earned $72,000, the use of a car, and a stipend for living expenses.

Around the time the divorce was filed, Appellant's income was reduced due to downsizing and his income at the time of hearing on remand was $54,000. Appellee was again found to be voluntarily unemployed, and the court imputed a minimum wage of $15,400 as income, commensurate with her earning ability.

{¶12} Appellee was primarily a homemaker during the marriage, and took care of the children, as well as her dying father. She also occasionally worked part-time during the marriage, but was not employed at the time of trial. Her workplaces included a convenience store and a clothing factory. She was also employed as a home health aide, but the field now requires certification which she does not have, and apparently does not intend to obtain. Her highest earnings in any single year were $17,000, more than a decade ago. Most recently, Appellee was working at a Pilot convenience store, but quit her job there. She was actively, but unsuccessfully, looking for work at the time of the hearing.

{¶13} The parties did not have income-generating assets. The findings made and conclusions reached by the trial court as to the remaining factors are as follows:

{¶14} (c) At the time of the divorce, Appellant was 50 and Appellee was 47. Appellant was in good health and would have no trouble continuing to work.

{¶15} (d) Appellant has retirement benefits in the form of a 401(k) account; Appellee has no retirement benefits.

{¶16} (e) The parties were married on July 5, 1980 and the marriage lasted approximately thirty years.

{¶17} (f) The parties have two children, but both are emancipated.

**{¶18}** (g) The standard of living during the marriage was moderate; needs were met, but without luxuries.

**{¶19}** (h) Appellant and Appellee both have a high school education; Appellant has completed law enforcement training and worked in law enforcement prior to the marriage. Appellee has attended classes at Washington State Community College, but has not received any degree.

**{¶20}** (i) There is a substantial income disparity between the parties.

**{¶21}** (j) Neither party contributed significantly to the education of the other.

**{¶22}** (k) Appellee, the spouse seeking support, has skills sufficient to obtain a minimum wage job and was seeking employment.

**{¶23}** (l) Appellee, earning minimum wage, would be in the 15% tax bracket and her net income would be approximately $11,550; Appellant, earning $54,000, is in the 25% tax bracket and would net approximately $36,000 after taxes. A spousal support award would make their net income approximately equivalent.

**{¶24}** (n) According to the trial court, the long duration of the marriage, the disparity in the earnings and earning capacities of the parties, and the lack of income-producing assets allocated to Appellee all made an award of spousal support for an indefinite term reasonable and appropriate.

**{¶25}** When reviewing an award of spousal support, an appellate court will not reverse the trial court's award absent an abuse of discretion. *Miller v. Miller,* 7th Dist. No. 08 JE 26, 2009-Ohio-3330 at ¶139, citing *Faller v. Faller,* 7th Dist. No. 07 MA 216, 2008-Ohio-6638, ¶48, *Blakemore v. Blakemore,* 5 Ohio St.3d at 219, 450

N.E.2d 1140 (1983). When reviewing a trial court's decision for an abuse of discretion, we cannot simply substitute our judgment for that of the trial court. *Holcomb v. Holcomb*, 44 Ohio St.3d 128, 131, 541 N.E.2d 597 (1989). The term abuse of discretion connotes more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore* at 219. The trial court's discretion is not unlimited and is governed in large part by the spousal support statute, R.C. 3105.18. *See Waller v. Waller,* 163 Ohio App.3d 303, 2005-Ohio-4891, 837 N.E.2d 843, at ¶40. Pursuant to R.C 3105.18(B), the trial court must divide marital assets before determining whether spousal support is appropriate and reasonable. *See, also, Lepowsky v. Lepowsky,* 7th Dist. No. 04 CO 42, 2006-Ohio-667, at ¶51.

**{¶26}** When determining whether spousal support is appropriate and reasonable, the trial court should consider the statutory factors as a whole and not consider any one factor in isolation. *Lepowsky,* at ¶51, citing *Kaechle v. Kaechle*, 35 Ohio St.3d 93, 96, 518 N.E.2d 1197 (1988). To this end, the court need not expressly comment on each factor but must indicate the basis for an award of spousal support in sufficient detail to enable a reviewing court to determine that the award is fair, equitable, and in accordance with the law. *Boney v. Boney,* 7th Dist. No. 09 NO 363 2010-Ohio-4245 at ¶ 23, citing *Kaechle* at 96.

**{¶27}** The trial court in this instance applied the required factors and determined that support for an indefinite term was reasonable and appropriate. The court then made a support calculation designed to give both parties, after imputing

minimum wage income to Appellee, approximately the equivalent means of support. The court included in its decision a calculation of net income of the parties to explain the rationale for the support amount. The essence of Appellant's arguments, apart from his contention that our decision vacating the original order was limited to the amount and not the duration of support awarded, is his dissatisfaction with how the court weighed the factors. Questions regarding weight of the evidence fall to the province of the trial court, whose direct interaction with the parties places it in a superior position to view the totality of the circumstances. Unless it is apparent that the trial court inappropriately gave undue weight to any one factor to the exclusion of others, the fact that Appellant would apply the factors differently is not grounds for reversal.

{¶28} The trial court imputed income to Appellee, clearly expecting her to contribute to her own support. The court also ordered support, demonstrating a recognition that although she should be able to contribute some amount, she would not be able, after a long marriage and checkered employment history, to supply enough income to be completely self-sufficient. The court carefully considered the tax burden on each party before using net income to calculate a reasonable support amount. The court ordered that Appellee would receive support until she "remarries, cohabits, or dies, or until further order of this Court." (9/23/11 J.E., ¶5). The court also reserved jurisdiction over support in order to allow subsequent adjustment as necessary, and split the costs of the proceeding evenly between the parties. In its decision, the trial court clearly applies the necessary factors and includes findings to

buttress its determination that support for an indeterminate duration is appropriate. The court's reservation of jurisdiction is designed to allow the parties to seek an adjustment of the award should it become necessary. If Appellee becomes employed at a rate higher than minimum wage, Appellant has recourse. Should Appellant's circumstances change, both parties have recourse. This decision is supported by the findings, reasonably accommodates both parties, and considers the totality of the circumstances; this record does not reflect that an abuse of discretion may have occurred.

## Conclusion

**{¶29}** The trial court's decision regarding spousal support is based on a consideration of all factors listed in R.C. 3105.18(C), without giving undue weight to any single factor, and is expressly designed to achieve an appropriate and reasonable result under the circumstances. Appellant's first and second assignments of error are without merit and are overruled. The judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, P.J., concurs.