PRENDERGAST et al., Appellees,

v.

SNOEBERGER et al., Appellants.

[Cite as Prendergast v. Snoeberger, 154 Ohio App.3d 162, 2003-Ohio-4742.]

Court of Appeals of Ohio,
Seventh District, Carroll County.

No. 02 CA 782.

Decided Sept. 5, 2003.

John Morris, for appellees.

Tracey Laslo, for appellants.

VUKOVICH, Judge.

{¶ 1} Defendants-appellants, James and Barbara Snoeberger, timely appeal the decision of the Carroll County Common Pleas Court granting summary judgment in favor of plaintiffs-appellees, David and Rebecca Prendergast, in the Prendergasts' declaratory judgment action. We must determine the enforceability of the parties' contract, which was executed after the subject realty was transferred to the Prendergasts by deed from the Snoebergers and which contained a restraint on alienation of the Prendergasts' property. Because the contract lacked consideration, the trial court's decision is affirmed.

## STATEMENT OF THE CASE

{¶ 2} On October 10, 2000, the Snoebergers transferred two acres of realty to their daughter and her husband, the Prendergasts. The only restriction in the deed, which was recorded the next day, denied the right to maintain a mobile home or scrapyard on the property. The Prendergasts then began construction of a house on the site.

{¶ 3} On June 19, 2001, a memorandum was executed by the four parties, notarized, and recorded. This memorandum stated:

{¶ 4} "The parties agree the following described premises shall not be sold during the life of James Snoeberger and Barbara Snoeberger. In the event David W. Prendergast and Rebecca A. Prendergast elect to relocate they agree the property shall not be sold. The parties agree that the property remain vacant. The Prendergasts may transfer the real estate to the Snoebergers, or the parties could agree in writing to sell the property."

{¶ 5} On July 22, 2002, the Prendergasts filed a complaint for a declaratory judgment against the Snoebergers. They asked the court to declare the memo-

randum to be an unenforceable restraint on alienation. They alleged that they wished to sell the house and property but that the Snoebergers were trying to enforce the memorandum to prevent the sale. Attached to the complaint were the deed and the subsequent memorandum. The Snoebergers answered, filed a request for a jury demand, and sought dismissal.

{¶ 6} The Snoebergers then filed a motion for summary judgment. Their motion stated that the contract was express and signed by all parties. They cited case law holding that a restraint on alienation is not invalid if the time limit is reasonable. They attached the memorandum and their own affidavits, which merely stated that they transferred the property to the Prendergasts by deed and that they all later executed the memorandum.

{¶ 7} The Prendergasts responded and filed their own motion for summary judgment. They argued that the grantor of a fee simple cannot attempt to impose a restraint on alienation. They also claimed that the agreement was impossible because one cannot insure a vacant home and insurance is a condition of the mortgage on the property. They attached the original deed and the affidavit of David Prendergast, which stated that he owned the property in fee simple as a result of the deed. He listed some consideration allegedly paid for the realty. But he then stated that there was no additional consideration to support the June 19, 2001 memorandum.

{¶ 8} Immediately after the Prendergasts filed their motion for summary judgment, a pretrial was held. The court summarized the pretrial in a case management judgment entry: "Counsel concur that the issue before the court is the construction and/or validity of written documents, which raises only issues of law. Counsel further agree to submit the case on their respective summary judgment motions waiving the necessity or oral evidence of a trial per se." The court then ordered the parties to file, within seven days, a joint stipulation as to the documents at issue, that oral testimony is waived, and that there is no genuine issue of material fact.

{¶ 9} The Snoebergers then filed their response to the Prendergasts' motion for summary judgment. They argued that the memorandum was signed voluntarily and is enforceable as a condition subsequent to the warranty deed. In response to miscellaneous statements in the Prendergasts' motion and affidavit, the Snoebergers attached affidavits stating that they did not force the Prendergasts to sign the memorandum and that they did not seek execution of the memorandum to avoid paying capital-gains tax.

{¶ 10} The Snoebergers then filed a "notice of stipulations" declaring that after reading the Prendergasts' motion for summary judgment and reviewing the case, counsel discovered that there is a genuine issue of material fact because the Prendergasts stated that the Snoebergers' attorney forced them to sign the

memorandum. The Snoebergers then requested that the motions for summary judgment proceed without stipulation or the case be set for jury trial.

{¶ 11} The court responded by stating that this does not create a genuine issue of fact because the issue presented to the court does not revolve around the coercion or duress and any mention of being "forced" to sign was made in passing. The court then declared that the case remained controlled by the case-management entry. The Prendergasts agreed that they were not presenting the issue of fraud, coercion, or duress in the summary-judgment motion and that the case could proceed as a matter of law on the motions for summary judgment. A joint stipulation by counsel was then filed merely stating that the issue was the construction and validity of the warranty deed and the memorandum, which were both properly executed.

{¶ 12} On November 8, 2002, the court granted summary judgment in favor of the Prendergasts and overruled the Snoebergers' motion for summary judgment. The court found that the Snoebergers transferred a fee simple to the Prendergasts with only one restriction: no mobile homes or scrapyard. The court then found that the memorandum was a nullity and unenforceable because it lacks any recitation of consideration and that lack of consideration precludes the formation of a valid contract. "Ignoring the above 'consideration' defect," the trial court then turned its attention to the substance of the memorandum and the propriety of such a restraint on alienation. The court noted that a restraint against alienation is generally viewed with disfavor and construed toward allowing alienation. The court concluded that once a fee-simple estate is transferred, a restriction upon the right of alienation, whether in the original instrument of conveyance or in a subsequent instrument, is void.

## LAW ON SUMMARY JUDGMENT

{¶ 13} This court reviews a trial court's decision on summary judgment de novo. *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm* (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684. Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue of material fact remains to be litigated, (2) the movant is entitled to judgment as a matter of law, and (3) it appears that reasonable minds can find only for the movant. *Welco Indus., Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344, 346, 617 N.E.2d 1129. A trial court should award summary judgment with caution, being careful to resolve doubts and construe evidence in the light most favorable to the nonmovant. *Id.* Nevertheless, summary judgment is appropriate where the nonmovant fails to produce evidence demonstrating that a genuine issue of material fact exists on some threshold issue. *Id.*

{¶ 14} More specifically, the movant has the initial burden to demonstrate the lack of a genuine issue for trial. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. The portions of the record that may be viewed at this point include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact. Civ.R. 56(C). If the movant alleges a pertinent legal or factual premise that could make his case, then the burden shifts to the nonmovant to contest each legal or factual issue in order to establish that there exists a genuine issue of material fact for trial. *Dresher,* 75 Ohio St.3d at 293, 662 N.E.2d 264. The nonmovant may not rest on the mere allegations or denial of his pleadings alone but must set forth specific facts showing that there is a genuine issue for trial by affidavit or otherwise. Civ.R. 56(E).

{¶ 15} The trial court may grant summary judgment for the movant if, based upon the movant's evidence and nonmovant's rebuttal evidence, reasonable minds can come only to a conclusion that is adverse to the nonmovant. Civ.R. 56(C). Although the trial court is not permitted to determine the credibility of competing affidavits, if a case-making fact in the movant's affidavit is uncontested, then the court can take that fact as true and grant summary judgment accordingly. See *Turner v. Turner* (1993), 67 Ohio St.3d 337, 341, 617 N.E.2d 1123.

## ASSIGNMENTS OF ERROR

{¶ 16} The Snoebergers set forth the following two assignments of error:

{¶ 17} "The trial court erred to the prejudice of defendants-appellants in granting summary judgment in favor of plaintiffs-appellees."

{¶ 18} "The trial court's finding in favor of plaintiffs-appellees, is against the manifest weight of the evidence and contrary to law."

{¶ 19} First, the Snoebergers claim that the Prendergasts failed to meet their burden because there exist genuine issues of material fact. They allege that the Prendergasts failed to attach evidentiary materials other than their affidavit. They complain that the affidavit interjects issues of fact.

{¶ 20} The Snoebergers then allege that they were denied due process because their request for a jury trial was denied after they discovered that there were genuine issues of material fact. They complain that they were not given a proper opportunity to respond to the Prendergasts' reply/motion for summary judgment.

{¶ 21} Finally, the Snoebergers contend that the court's decision is against the weight of the evidence because it lacks competent, credible evidence going to all elements of the case. In support, they cite *Raisch v. Schuster* (1975), 47 Ohio App.2d 98, 1 O.O.3d 202, 352 N.E.2d 657, which stands for the proposition that co-owners of realty can agree to restrict partition or sale if the duration of the

restriction is reasonable and is either express or can be implied from an expressed purpose.

{¶ 22} First, we note that the right to a jury trial was not denied. There is no jury at the summary-judgment stage. *Both* parties filed motions for summary judgment. Even when the Snoebergers informed the court that they believed that a genuine issue existed regarding fraud, they conceded that the summary-judgment proceedings could continue, just without their stipulation. They suggest that they were compelled to stipulate; however, all they ended up stipulating to was the existence of an issue surrounding construction of the deed and the memorandum. This initial construction was to be performed as a matter of law. Had the court denied both opposing motions and found that disputed factual matters could affect the resolution of the case, then the case would have proceeded to a jury trial. Our analysis below will establish whether this decision by the court was proper.

{¶ 23} Next, we note that "weight of the evidence" is not the standard used by trial courts in granting summary judgment and is also not the proper standard to be applied on appeal from such a judgment. As aforementioned, the court does not make credibility determinations or weigh evidence when determining summary judgment. Questions of law are not based upon the manifest weight of the evidence.

{¶ 24} As for the Snoebergers' complaints regarding a lack of evidentiary material, it seems that there was evidentiary material before the trial court. Civ.R. 56(C) allows the pleadings to be reviewed, and any attachments to the pleadings, such as the deed and the memorandum, can also be considered. The parties agreed that the issue at summary judgment revolved around construction of this deed and memorandum. The Snoebergers should also keep in mind that they filed for summary judgment first. Thus, the court can consider any attachments to their motion such as their initial affidavits and the memorandum. The Prendergasts attached the deed and David Prendergast's affidavit to their motion for summary judgment. They need not attach items that are already attached to an opposing motion for summary judgment, such as the memorandum and the Snoebergers' affidavits. Finally, the Snoebergers attached two new affidavits to their response to summary judgment, which constituted their final chance to establish either that there was a genuine issue of material fact or that there was no genuine issue because their argument was correct as a matter of law.

{¶ 25} Contrary to the Snoebergers' suggestion, David Prendergast's affidavit was permitted to interject factual matter. This is the whole premise behind an affidavit. His affidavit alleged that he owned the property in fee simple and that the memorandum/contract, entered into eight months after the deed was signed

and recorded, was not supported by consideration. Although the Snoebergers responded with two new affidavits, neither alleged that the memorandum restricting the right of alienation was supported by consideration.

{¶ 26} Before the court evaluates whether the clause restricting alienation is enforceable, the court must first determine whether the contract is otherwise valid. If the contract is invalid due to the absence of a preliminary element in its formation, there is no need to evaluate the substantive clauses to determine whether public policy or complicated common law rules have been violated.

{¶ 27} Here, the trial court in a comprehensive and astute analysis noted that the memorandum lacked a recitation of consideration. A contract is generally defined as a promise or set of promises actionable upon breach. *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, at ¶ 16. The three main elements of a contract are offer, acceptance, and consideration. *Carlisle v. T & R Excavating, Inc.* (1997), 123 Ohio App.3d 277, 283, 704 N.E.2d 39. See, also, *Kostelnik* at ¶ 16 (adding other elements, including contractual capacity, legality of consideration, and legality of object).

{¶ 28} Consideration requires mutuality of obligation; it is a "bargained for" legal benefit or detriment. *Kostelnik* at ¶ 16. "Bargained for" means sought by the promisor in exchange for his promise or given by the promisee in exchange for that promise. *Carlisle*, 123 Ohio App.3d at 283, 704 N.E.2d 39. Thus, in order for consideration to exist, there must be a benefit to the promisor or a detriment to the promisee. Id. A gratuitous promise is not enforceable even if it is written and evidences an intent by the promisor to be bound. Id.

{¶ 29} Whether there exists consideration is a proper issue for the trial court. Id. "Without consideration, there can be no contract." Id. See, also, *Ratchford v. Proprietors' Ins. Co.* (1989), 47 Ohio St.3d 1, 8, 546 N.E.2d 1299. "A contract that does not involve some exchange of consideration between the parties is not a contract at all." *State v. Stanley*, 7th Dist. No. 99CA55, 2002-Ohio-4372, 2002 WL 1965273, at ¶ 20.

{¶ 30} Here, the memorandum attempts to bind the promisors, the Prendergasts. However, there is no benefit flowing to them in exchange for their promise. Alternatively, there is no detriment flowing to the Snoebergers, as the promisees, in exchange for the Prendergasts' promise. Thus, the memorandum expresses no consideration to support the alleged contract.

{¶ 31} Moreover, David Prendergast submitted an affidavit, which is a proper piece of evidentiary material that the court can consider in ruling on a motion for summary judgment. In this affidavit, he reaffirmed that the memorandum was not supported by consideration. The Snoebergers failed to rebut his statement. Therefore, his statement is uncontested.

{¶ 32} The fact that the Snoebergers sold or gifted land to the Prendergasts in the past is irrelevant except to show that a fee simple already existed. This is because "past consideration is no consideration at all." *State v. Mucci,* 150 Ohio App.3d 493, 2002-Ohio-6896, 782 N.E.2d 133, at ¶ 31, fn. 2.

{¶ 33} In conclusion, if the Snoebergers had, for instance, also promised not to sell their land under similar conditions, then that would have been consideration, and we would be able to move on to the next question. However, without mutuality of obligation, the memorandum is not enforceable as a contract. Consequently, we need not move on to determine whether the memorandum was a proper restraint on alienation. Rather, we conclude by agreeing with the trial court that there was a lack of consideration and, thus, an invalid contract. Accordingly, appellant's assignments of error are overruled.

{¶ 34} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Judgment affirmed.

WAITE, P.J., and GENE DONOFRIO, J., concur.