[Cite as *Palmer v. Palmer*, 2013-Ohio-2875.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ROBERT PALMER, | ) | |
| | ) | CASE NO. 12 BE 12 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| DORES PALMER, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:          Civil Appeal from Common Pleas
                                   Court, Case No. 07 DR 125.


JUDGMENT:                          Affirmed.


APPEARANCES:
For Plaintiff-Appellee:            Attorney Michael Shaheen
                                   227 East Main Street
                                   P.O. Box 579
                                   St. Clairsville, OH  43950



For Defendant-Appellant:           Attorney Elgin McArdle
                                   2139 Market Street
                                   Wheeling, WV  26003



JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite


                                   Dated:  May 28, 2013

DeGenaro, P.J.

{¶1} Defendant-Appellant Dores Palmer appeals a February 2, 2012 decision of the Belmont County Court of Common Pleas, which, following an out-of-state relocation by Dores, granted Plaintiff-Appellee Robert Palmer's motion to terminate the parties' shared parenting plan, designated Robert the primary legal custodian and residential parent of the parties' minor child, and reallocated child support and parenting time accordingly. On appeal, Dores challenges only the parenting time component of the decision, alleging it was an abuse of discretion because it does not maximize her time with the minor child per the recommendation of the guardian ad litem.

{¶2} Dores' assignment of error is meritless. By arguing the trial court abused its discretion by adopting the magistrate's decision, Dores is, in essence making a manifest weight argument, which is impossible to properly evaluate in the absence of a complete transcript of proceedings to review. Dores has only provided this court with a partial transcript of the multi-day proceedings before the magistrate; specifically, only the testimony of the GAL. Moreover, it is unclear whether the trial court was provided a record of the proceedings before the magistrate when considering Dores' objections and an appellate court cannot consider evidence not considered by the trial court. Thus, in the absence of a complete record sufficient for appellate review, we must presume the regularity of the proceedings below. Accordingly, Dores' sole assignment of error is meritless and the judgment of the trial court is affirmed

**Facts and Procedural History**

{¶3} Robert and Dores married in 2002 and one child, N.P., was born as issue of the marriage on April 6, 2003. The parties divorced on February 11, 2008. Incorporated into the final divorce decree was a shared parenting plan, which provided that both parents "shall be equally responsible for the care, shelter, and control of N.S. and likewise, equally share all parental rights and responsibilities." Per the shared parenting plan, the parties were to split parenting time in a fairly equal manner.

{¶4} Following the divorce, the parties regularly deviated from the parenting time schedule as set forth in the shared parenting plan, in order to facilitate their respective work schedules. This was possible because following the divorce, as well as during the

marriage, both parties lived in St. Clairsville, Ohio.

{¶5} During the spring of 2010, Robert became concerned that Dores might move out of state with the minor child. On May 5, 2010 he filed a three-branch motion requesting: (1) an ex parte order restricting both parties from removing the minor child from Belmont County for residence purposes, (2) an order modifying or abolishing the shared parenting plan, and (3) an order modifying child support accordingly.

{¶6} On May 19, 2011, Dores filed a two-branch motion agreeing to the ex parte order and seeking a modification of the shared parenting plan allowing her to move to Alliquippa, Pennsylvania with the minor child. She planned to move there to be with her fiancé. Alliquippa is approximately 68 miles away from St. Clairsville.

{¶7} Upon Robert's request, a guardian ad litem was appointed. During the pendency of the proceedings the GAL filed three separate, detailed reports. The matter first came for hearing on August 30, 2010. During that hearing, testimony was taken from the GAL and Robert, and was continued until October 7, 2010. It is unclear from the record whether further testimony was taken during that time; however, the parties ultimately reached an interim agreement wherein Robert was named the residential parent and Dores was granted parenting time pursuant to a detailed schedule outlined in the agreement, mainly on weekends and school holidays. Dores remarried in January 2011 and relocated to Alliquippa.

{¶8} The matter came for final hearing on July 13, 2011. Again it is unclear what testimony was taken during that hearing since no transcript was filed. Dores filed a "Proposed Allocation of Custodial Responsibility," which included a proposed parenting time schedule for her in the event Robert was to be named the residential parent. Directly following that hearing, the magistrate issued a decision regarding parenting time for the remainder of the summer vacation. Pending a final ruling, Robert was named the temporary residential parent and a temporary visitation schedule was ordered.

{¶9} On November 16, 2011, the magistrate issued a final decision on custody and visitation which included findings of fact and conclusions of law. The magistrate sustained Robert's motion to terminate the shared parenting plan and designated Robert

the primary legal custodian and residential parent of the minor child. The magistrate granted Dores parenting time in accordance the court's "Option 1" schedule (every other weekend, one evening per week and alternating holidays) except that Dores was granted 2 additional weeks of summer parenting time (8 weeks instead of the usual 6.)

{¶10} Dores filed objections to the magistrate's decision after being granted leave to file them outside of the 14 day period. Robert filed a brief in opposition to the objections. On February 2, 2012, the trial court issued an opinion overruling the objections and adopting the magistrate's decision.

## Parenting Time

{¶11} In her sole assignment of error, Dores asserts:

{¶12} "The Court of Common Pleas' summary adoption of the Magistrate's Decision to award Option 1 parenting time to Mother was clear error and an abuse of discretion."

{¶13} Dores' argument on appeal is quite narrow: she contends the trial court abused its discretion by overruling her objections to the magistrate's decision and thereby allegedly failing to follow the GAL's recommendation that her parenting time be maximized.

{¶14} There are several issues with the record which preclude us from reaching the merits of this appeal. Although Dores filed a partial transcript of one of the hearings to include in the appellate record, specifically the GAL's testimony, she failed to file that transcript along with her objections to magistrate's decision. In Dores' objections she alleged that the magistrate's decision concerning visitation was "contrary to the evidence and recommendations of the guardian ad litem in this case," and that therefore "such judgment was against the manifest weight of the evidence and constituted an abuse of discretion."

{¶15} Civ.R. 53(D)(3)(b)(iii) states that an objection to a factual finding, whether or not specifically designated as a finding of fact, shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding, by an affidavit of that evidence if a transcript is not available. With leave of court alternative technology or

manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections, unless the court extends the time in writing for preparation of the transcript or other good cause. Civ.R. 53(D)(3)(b)(iii).

{¶16} The Supreme Court of Ohio has stated that where the objecting party fails to provide the trial court with the transcript of the proceedings before the magistrate, an appellate court is precluded from considering the transcript of the magistrate's hearing submitted with the appellate record. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995). An appellant cannot rely on evidence from the transcript of a magistrate's hearing where that transcript was not before the trial court when ruling on the objections. *Id.*, citing *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), at paragraph one of syllabus ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.").

{¶17} Thus, if no transcript has been presented to the trial court for ruling on the objections to the magistrate's decision, then no transcript can be presented to the court of appeals. *Petty v. Equitable Prod. & E. States Oil & Gas, Inc.*, 7th Dist. No. 05 MA 80, 2006-Ohio-887, ¶19, 22. Here, there is nothing in the docket, Dores' objections or the trial court's ruling on the objections indicating that a transcript was ever filed.

{¶18} In his brief in opposition to the objections, Robert does state: "As this Court will quickly learn from reviewing the tape and/or transcript, [the magistrate's] decision came after several Court appearances, an extensive hearing, and miscellaneous pleadings being filed on behalf of both participants." The acting magistrate who presided over the final July 2011 hearing due to the unavailability of the original magistrate did indicate in her decision that she had listened to audio tapes of the earlier hearings and that the parties had "no objection" to the procedure. Thus, the trial court could have likewise listened to the tapes in lieu of a written transcript when ruling on the objections. However, there is nothing in the record indicating that Dores requested the trial court review an audio tape or that the trial court granted leave to review the record in such a

manner. Civ.R. 53(D)(3)(b)(iii) provides that "[w]ith *leave of court* alternative technology or manner of reviewing the relevant evidence may be considered." (Emphasis added.)

**{¶19}** Even assuming that the trial court had either a transcript or an audio tape of the hearing to review, the lone transcript submitted on appeal by Dores is insufficient to determine whether the trial court's overall parenting time decision constitutes an abuse of discretion. Dores chose to file only a partial transcript of the August 30, 2010 hearing, consisting solely of the GAL's testimony regarding parenting time. The record before this court also contains three written reports by the GAL. However, transcripts of the remainder of the August 30, 2010 hearing, the October 7, 2010 hearing, and the final July 17, 2011 hearing are absent from the appellate record.

**{¶20}** Despite this, Dores refers to matters addressed during those hearings, for example, she states that she presented a proposed visitation schedule to the GAL during the July 2011 hearing and the GAL had no objection to it. However, this cannot be reviewed from the limited record. As the appellant, it is Dores' duty to provide all necessary portions of the record for this court's review. App.R. 9(B). Absent a transcript, this court must presume the regularity of the proceedings below. *See Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). By arguing the trial court abused its discretion by adopting the magistrate's decision, Dores is, in essence making a manifest weight argument, which is impossible to properly evaluate in the absence of a complete transcript of proceedings before the magistrate to review. Again, even assuming the trial court reviewed the complete record, Dores has only provided this court with a partial transcript of the multi-day proceedings before the magistrate; specifically, only the testimony of the GAL.

**{¶21}** In conclusion, Dores argues that the trial court abused its discretion by adopting the magistrate's decision; however, she failed to provide, at a minimum to this court, if not the trial court as well, a complete record to fully evaluate all the evidence before the magistrate. In the absence of a complete record sufficient for appellate review, we must presume the regularity of the proceedings below. Accordingly, Dores' sole assignment of error is meritless and the judgment of the trial court is affirmed.

Vukovich, J., concurs.

Waite, J., concurs.