[Cite as *Wharton v. Wharton*, 2013-Ohio-5531.]

STATE OF OHIO, HARRISON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| SHELVA WHARTON | ) | CASE NO. 12 HA 1 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JEFFREY WHARTON | ) | |
| | ) | |
| DEFENDANT-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from the Court of Common
Pleas of Harrison County, Ohio
Case No. DRB-2010-0087

JUDGMENT: Affirmed.
Final Decree of Divorce Modified.

APPEARANCES:

For Plaintiff-Appellant: Atty. Miles D, Fries
Gottlieb, Johnston, Beam & Dal Ponte
320 Main Street
P.O. Box 190
Zanesville, Ohio 43702-0190

For Defendant-Appellee: Atty. Joseph A. Vavra
132 West Main Street
St. Clairsville, Ohio 43950

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: December 13, 2013

[Cite as *Wharton v. Wharton*, 2013-Ohio-5531.]

WAITE, J.

{¶1} Appellant Shelva J. Wharton appeals the spousal support provisions in her divorce decree granted by the Harrison County Court of Common Pleas. Appellant argues that the trial court failed to consider Appellee Jeffrey T. Wharton's veteran's disability benefits when it calculated spousal support, and failed to consider the tax consequences of the award. Appellee did not file a brief on appeal. It is obvious from Appellant's argument that the court did consider the veteran's disability benefits prior to making its decision. The court simply decided that the disability benefits should be retained by Appellee as a result of his military service. Even though the court was not willing to directly divide the disability benefits, it did conclude that the benefits were a source of income available to Appellee and not to Appellant, and adjusted spousal support accordingly. This is exactly what is required in considering income, and there was no error in the court's analysis. Regarding the tax consequences, we may simply modify the judgment entry to correct the entry with respect to the allocation of the tax burden in the spousal support award. As there is no opposition from Appellee, the judgment of the trial court is hereby modified to reallocate the tax consequences, and it is otherwise affirmed.

## Background

{¶2} The parties were married on September 25, 1981. No children were born of the marriage. The marriage effectively ended on September 7, 2010, when a domestic relations civil protection order was issued. Appellant filed a complaint for divorce in Harrison County on November 22, 2010. Final hearing was held on October 31, 2011. At the time of the divorce, Appellant was 59 years old and

suffered from a heart condition, high blood pressure, arthritis, and headaches. Appellee was 66 years old and was disabled. The court performed a spousal support analysis as part of the divorce decree. The court determined that all of Appellee's income was fixed, guaranteed income from disability benefits, including $541 per month from veteran's disability benefits. The court calculated Appellee's annual income as $28,608 (or $2,384 per month). This figure included the veteran's disability benefits. Without inclusion of the veteran's disability benefits, Appellee's annual income would be $22,116 (or $1,843 per month).

{¶3} The court calculated Appellant's annual income as $6,396, which was the amount she was receiving from unemployment compensation. Her monthly income was $533. The court noted that Appellant recently earned $19,000 in 2009-2010, and $13,000 the following year. The court noted that Appellant was trained to do medical coding, billing, and collection work. The court also was aware that Appellant suffered from certain medical conditions that affected her ability to obtain employment. The court decided to impute only the unemployment benefits as her estimated annual income.

{¶4} The court examined 16 factors in computing spousal support, including the tax consequences of the award. (2/24/12 J.E., p. 9.) The court decided not to directly divide the veteran's disability benefits, although it did consider them as part of the spousal support decision:

    o. **Other factors--Veteran's Disability benefits**: The Court has

       determined that Husband's monthly Veteran's Disability benefits are

separate property. It is not appropriate to divide this income for spousal support purposes, but the Court must recognize that this is a source of income which Husband will have and Wife will not have available to her.

(2/24/12 J.E., p. 10.)

{¶5} The court determined that one-half of the parties' combined monthly income (excluding veteran's disability benefits) was $1,843. The court then awarded Appellant $750 per month in spousal support, terminable upon the death of either party or if Appellant established a relationship of co-habitation with an unrelated adult. The trial court issued its judgment on February 24, 2012. This timely appeal followed. Appellee has not filed a brief on appeal. In such cases, we may "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C).

## ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO CONSIDER ALL STATUTORY FACTORS IN DETERMINING WHAT SPOUSAL SUPPORT WAS APPROPRIATE AND REASONABLE.

{¶6} Appellant contends that the trial court should have considered Appellee's veteran's disability benefits when it calculated spousal support. Appellant argues that, under R.C. 3105.18(C)(1)(a), the court is required to consider "[t]he income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the

Revised Code". Appellant assumes that the trial court did not consider the veteran's disability benefits, and for that reason, failed to order an equitable amount of spousal support. Appellant also argues that the court failed to take into account the tax consequences of spousal support. These are two distinct issues and will be dealt with separately.

**{¶7}** Trial courts enjoy broad discretion in awarding spousal support. *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 67, 554 N.E.2d 83 (1990). A court's decision to award spousal support will not be reversed on appeal absent an abuse of discretion. *Bechtol v. Bechtol*, 49 Ohio St.3d 21, 24, 550 N.E.2d 178 (1990); *Miller v. Miller*, 7th Dist. No. 08 JE 26, 2009-Ohio-3330, ¶139. A reviewing court must affirm the decision of the trial court unless it is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 140 (1983).

**{¶8}** When determining whether spousal support is appropriate and reasonable, the trial court should consider the factors listed in R.C. 3105.18(C) as a whole and not consider any one factor in isolation. *Kaechle v. Kaechle*, 35 Ohio St.3d 93, 96, 518 N.E.2d 1197 (1988). The trial court is not required to separately comment on each factor, but it must indicate the basis for an award of spousal support in sufficient detail to enable a reviewing court to determine that the award is fair, equitable, and in accordance with the law. *Boney v. Boney*, 7th Dist. No. 09 NO 363 2010-Ohio-4245, ¶23, citing *Kaechle* at 96.

**{¶9}** Although there are problems, including federal preemption concerns, that sometimes arise in a divorce when a court attempts to divide or redistribute

retirement pay waived in favor of veterans' disability payments, those issues are not apparent in this case. *See Mansell v. Mansell*, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989); *Burke v. Burke*, 2d Dist. No. 2011-CA-2, 2011-Ohio-3723, ¶26. The only issue raised by Appellant is whether the trial court could consider veteran's disability benefits when calculating spousal support. Given the general nature of the directive in R.C. 3105.18(C)(1)(a) to "consider" all sources of income, the court was required to consider the veteran's disability benefits along with all other income. *Crites v. Crites*, 6th Dist. Nos. WD-04-034, WD-04-042, 2004-Ohio-6162, ¶22.

**{¶10}** From the record in the instant case, it is evident that the court did consider Appellee's veteran's disability benefits. The divorce decree itself says the court considered those benefits. The court was aware that these benefits were "designed and intended to compensate [Appellee] for medical conditions which he suffers as a result of his service in the United States Marine Corps." (2/24/12 J.E., p. 3.) The court decided that it was inappropriate to divide those disability benefits for spousal support purposes, but it did treat them as a source of income. Based on the court's consideration of the veteran's disability benefits, Appellant's spousal support award is higher than it would otherwise have been. If the court had simply erased those benefits of $541 per month from its equation, Appellant's spousal support award would have been only $655 per month, rather than the $750 that she was awarded. The fact that the court did not decide to give exactly one-half of Appellee's disability benefits to Appellant does not mean the benefits were not considered. For these reasons, Appellant's argument on this issue is rejected.

**{¶11}** Regarding the question of whether the trial court adequately considered the tax consequences of the spousal support award, there is very limited information in the record. There was no specific information about tax consequences presented to the court at the final hearing from either party. The trial court cannot be expected to make up the tax consequences out of thin air when the parties do not submit any tax information at trial. Appellant's current attempt to argue that she will incur $1,146 of federal and state tax liability due to the spousal support award is sheer conjecture. An appellant cannot simply make up facts and figures for purposes of an appeal. Further, "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *Palmer v. Palmer*, 7th Dist. No. 12 BE 12, 2013-Ohio-2875, ¶16, citing *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), at paragraph one of the syllabus.

**{¶12}** Despite Appellant's failure to produce evidence on this tax issue, our review of the record indicates that Appellee's income, or most of it, consists of non-taxable disability benefits, and that his income is more or less fixed for the duration of his life. (10/31/11 Tr., pp. 105, 113.) It is also evident from the record that any income Appellant has is subject to taxes, even though the specifics of those taxes were never discussed at the divorce hearing. Failure to present evidence of her tax consequences would normally be fatal to her appeal on this matter, but in the absence of any rebuttal argument from Appellee, it appears equitable to insert a provision into the divorce decree stating that Appellee will not claim spousal support

as a tax deduction, and that Appellant may exclude spousal support from her gross income. *See* 26 C.F.R. 1.71-1T(b) ("spouses may designate that payments otherwise qualifying as alimony or separate maintenance payments shall be nondeductible by the payor and excludible from gross income by the payee by so providing in a divorce or separation instrument * * *."). Since there is no opposing argument from Appellee, the divorce decree is modified to reflect that the spousal support payments are nondeductible for Appellee Jeffrey T. Wharton, and that the spousal support award is excludible from the gross income of Appellant Shelva J. Wharton. Thus, Appellant's assignment of error is partially sustained.

### Conclusion

{¶13} In conclusion, the record indicates that the trial court did consider Appellee's veteran's disability benefits when computing spousal support, and Appellant's argument that the court erred in this regard is contradicted by the record. Appellant is correct that the trial court could have taken into account the tax consequences of spousal support by allowing the consequences to fall on Appellee, although she failed to address this issue adequately in the trial court. Since Appellee has no significant taxable income, he would not suffer any harm by designating that the spousal support payments shall be nondeductible for Appellee, the payor, and excludible from the gross income of Appellant, the payee. The final divorce decree is modified to reflect that the spousal support payments are nondeductible for Appellee Jeffrey T. Wharton, and that the spousal support award is excludible from the gross

income of Appellant Shelva J. Wharton. The judgment of the trial court is otherwise affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs in part, dissents in part; see concurring in part, dissenting in part Opinion.

VUKOVICH, J., concurring: in part; dissenting in part:

**{¶14}** I agree with the majority's resolution disposing of the wife's argument by finding that the trial court properly considered the husband's veteran's disability benefits. However, I disagree with the decision to modify the trial court's decision so that the wife would be entitled to the spousal support tax deduction. I would affirm in whole.

**{¶15}** Initially, I note that although it is not labeled as such, the majority's decision is a partial reversal of the trial court's decision. Rather than remanding after reversal, the majority modifies the decision. The wife argued that the trial court erred in finding that the tax consequences was not a significant factor. By modifying, the majority is agreeing that the trial court abused its discretion on the weighing of this one factor.

**{¶16}** I then emphasize that the majority finds that there was "no specific information about tax consequences presented" to the trial court and concludes that the "trial court cannot be expected to make up the tax consequences out of thin air when the parties do not submit any tax information at trial." The majority then states that her figures are "sheer conjecture." As the majority notes, a reviewing court cannot add matter to the record on appeal which was not before the trial court.

**{¶17}** Yet, the majority then grants the wife the additional benefit of being able to deduct spousal support from her income for purposes of taxes on the grounds that it appear equitable and merely because the husband did not file a brief. However, I would retain the trial court's judgment intact.

**{¶18}** The trial court made a detailed decision in this divorce case and weighed all of the applicable factors. At her urging, the trial court only considered the wife's yearly income as approximately $6,000. The trial court recognized her testimony about her various medical conditions. The court expressed hope that she could return to substantial employment. The court advised her to attempt applying for Social Security Disability if those medical conditions prevent sustained

employment. The court noted that the wife can apply for retirement Social Security benefits in just over two years.

**{¶19}** As to the tax consequences, the court recognized that any spousal support award will have the effect of shifting income and tax liability from the husband to the wife. The court then explained: "Given the economic circumstances in this case, the tax consequences of an order of spousal support is not a significant factor for the Court to consider." The court then awarded her $750 per month in spousal support, which (excluding some of the husband's veteran's benefit) provided the wife with more than one-half of the parties' combined income.

**{¶20}** The majority states that much of the husband's income is not taxable. However, the wife presented no evidence below that a spousal support deduction, which the majority states automatically goes to the payor unless stated otherwise under 26 C.F.R. 1.71-1T(b), would not benefit the husband in some way (e.g., on any portions of his income that are taxable, such as the mining pension). I am reluctant to presume such state of affairs merely because the husband did not file a brief.

**{¶21}** Moreover, the wife's brief states that her taxable income is $9,600 after the 2011 standard deduction. However, the order was entered in 2012, the year the deduction went up by $150. Moreover, the calculation fails to utilize the personal exemption, which was $3,800 in 2012, which would put taxable income at $5,646, which would be taxed in the 10% bracket for federal taxes, even assuming she has no deductions over the standard deduction or credits. Thus, as the majority concludes, her figures on appeal are mere conjecture.

**{¶22}** I am hesitant to even review the figures as the issue was one for the trial court, who was not presented with specifics on the matter below. In any event, considering this projected amount of tax at the point in time that the trial court fashioned its order, I cannot find that the trial court abused its discretion in rendering its statement regarding the tax consequences considering all of the other facts and circumstances weighed by the trial court here.

**{¶23}** The trial court is an impartial fact-finder and is not an advocate for one party or the other. Modifying the court's decision here imposes some obligation upon

the trial court to anticipate issues not specified. The wife did not present particular information below on tax consequences. *And, on appeal, she did not even ask for the remedy provided by the majority.* Rather, she sought equalization of incomes, which is not a requirement in awarding spousal support. *See, e.g., Lepowsky v. Lepowsky*, 7th Dist. No. 06 CO 23, 2007-Ohio-4994, ¶ 43 ("Equalization of income is not a factor that must be considered or a goal in divorce cases"). This is a further reason why I cannot join the modification.

**{¶24}** Finally, it is important to recognize that the trial court retained jurisdiction to modify the spousal support and make appropriate adjustments if the wife obtains employment. Thus, if she gains employment, which would affect her tax liability to a greater extent, the trial court can modify accordingly. At such time and upon such motion, the wife can set forth the argument that she wishes the court to invoke the exception in the Code of Federal Regulations for tax purposes and set forth evidence necessary to make the proper calculations and thus allow the trial court to render an informed decision on the matter.