[Cite as *Mauersberger v. Marietta Coal Co.*, 2014-Ohio-21.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT


| | | |
|---|---|---|
| JOHN S. MAUERSBERGER, et al. | ) | CASE NO. 12 BE 41 |
| | ) | |
| PLAINTIFFS-APPELLANTS | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| MARIETTA COAL COMPANY | ) | |
| | ) | |
| DEFENDANT-APPELLEE | ) | |


CHARACTER OF PROCEEDINGS:       Civil Appeal from the Court of Common
                                Pleas of Belmont County, Ohio
                                Case No. 09 CV 453

JUDGMENT:                       Affirmed.

APPEARANCES:

For Plaintiffs-Appellants:       Atty. Eric Costine
                                136 West Main Street
                                St. Clairsville, Ohio  43950

                                Atty. Theodore L. Tsoras
                                1140 Main Street, 3rd Floor
                                Wheeling, WV  26003

For Defendant-Appellee:          Atty. Charles H. Bean
                                Thornburg & Bean
                                113 West Main Street
                                P.O. Box 96
                                St. Clairsville, Ohio  43950


JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

                                Dated:  January 6, 2014

WAITE, J.

{¶1} This case arises from a summary judgment ruling in the Belmont County Court of Common Pleas in favor of Appellee Marietta Coal Company ("Marietta Coal"), and overruling the cross-motion for summary judgment of Appellants John S. and Susan Mauersberger ("the Mauersbergers"). The Mauersbergers leased surface and mineral rights of about one hundred and eighty acres of land to Marietta Coal. In return, Marietta Coal allowed John S. Mauersberger to graze cattle on an additional three hundred acres of land owned by the coal company. The Mauersbergers sued Marietta Coal for breach of contract after Marietta Coal terminated the lease and demanded that they remove their cattle from their land. Both parties filed motions for summary judgment.

{¶2} The court granted summary judgment to Marietta Coal, and this timely appeal followed. On appeal, the Mauersbergers claim that there are still issues of material fact as to whether they were properly notified that Marietta Coal was invoking a contractual right to terminate the lease, and whether the Mauersbergers had sent proper written notice of breach as set forth in the lease agreement.

{¶3} As part of its motion for summary judgment, Marietta Coal filed three affidavits which established that Marietta Coal had alerted the Mauersbergers of its intent to sell the land and terminate the grazing rights, and that all profitable coal had been removed. The lease had a provision that allowed Marietta Coal to terminate the lease after all profitable coal was removed, upon proper notice to Appellants. The Mauersbergers failed to file any evidence at the trial court level. They now attempt to enter an affidavit for the first time on appeal to rebut Marietta Coal's evidence. It is

axiomatic that new evidence cannot be submitted on appeal. As there was no genuine issue of material fact based on the evidence that was properly submitted in the trial court, the court properly granted summary judgment to Marietta Coal. The judgment of the trial court is affirmed.

### Background

{¶4} On February 19, 1999, the Mauersbergers signed a five-year lease granting Marietta Coal the mineral and surface rights for 180 acres of land situated in Union Township, Belmont County, in exchange for royalties derived from the coal mined from the land. In addition, John S. Mauersberger was given the right to graze cattle, free of charge, on 300 acres of land under Marietta Coal's control so long as the premises was owned by Marietta Coal and his grazing did not disturb mining operations. This additional grazing land was separate from the 180 acres owned by the Mauersbergers and leased to Marietta Coal.

{¶5} In April of 2001, all profitable coal had been mined from the above-mentioned lands and Marietta Coal ceased its mining operations. Paragraph 3 of the lease allowed Marietta Coal to terminate the lease after all economically profitable coal was removed. Pursuant to this provision, Marietta Coal terminated the lease agreement with the Mauersbergers. Thereafter, Marietta Coal sold land under its control to K. & S. Shugert Farms Family Limited Partnership. This land included the grazing acres being used by Appellants. This sale was finalized on or about December 30, 2002. Because of this pending sale, Marietta Coal sent a written statement to John S. Mauersberger at some point prior to December 19, 2002, demanding that he remove all cattle and fences from the lands which had been sold,

as the land was no longer to be under the control of Marietta Coal and could no longer be subject to the lease. In response, on December 19, 2002, John S. Mauersberger's attorney sent a letter advising Marietta Coal that Mauersberger believed that he still had rights to use the 300 acres of land despite its sale by Marietta Coal.

{¶6} The Mauersbergers originally filed their breach of contract action on March 20, 2006, and Marietta Coal filed its motion for summary judgment on October 15, 2008. Thereafter, the Mauersbergers dismissed the suit pursuant to Civ.R 41(A). The Mauersbergers refiled this action on October 13, 2009. Marietta Coal timely filed its answer and on October 7, 2011, filed a motion for summary judgment and evidentiary attachments. On November 7, 2011, the Mauersbergers filed their response in opposition to summary judgment, without including any affidavits or other rebuttal evidence. On February 9, 2012, the Mauersbergers filed a cross-motion for summary judgment, again without attaching any evidence, relying solely on their pleadings.

{¶7} The trial court granted Marietta Coal's motion for summary judgment and overruled the cross-motion for summary judgment. The Mauersbergers then filed this timely appeal. The Mauersbergers raise one assignment of error.

<u>Law Governing Summary Judgment</u>

{¶8} "A clear and unambiguous contract can be enforced as a matter of law through summary judgment, and its interpretation is thereafter reviewed de novo." *J.G. Wentworth L.L.C. v. Christian*, 7th Dist. No. 07 MA 113, 2008-Ohio-3089, ¶30, citing *Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.*, 15 Ohio

St.3d 321, 322, 474 N.E.2d 271, 272 (1984). In reviewing this case *de novo*, we apply the same standards as the trial court set forth in Civ.R. 56(C). *Brown v. Scioto Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). "[B]efore summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977); *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 653 N.E.2d 1196 (1975), paragraph three of the syllabus.

{¶9} The initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element falls to the movant. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273 (1996). To accomplish this, the movant must cite to evidentiary materials such as "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any." Civ.R. 56(C); *Id.* The movant must also show that the moving party is entitled to judgment as a matter of law. *Id.* "However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Dresher* at 293.

<u>ASSIGNMENT OF ERROR</u>

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFFS AS IT MISCONSTRUED THE FACTS OF THE CASE BY GRANTING THE DEFENDANT SUMMARY JUDGMENT; BY FAILING TO RECOGNIZE AND ADDRESS THAT DEFENDANT NEVER PROVIDED NOTICE TO PLAINTIFFS; AND BY FAILING TO ACKNOWLEDGE THAT THE PROPER NOTICE WAS PROVIDED BY THE PLAINTIFFS.

**{¶10}** Although there is only one assignment of error, the Mauersbergers raise four separate issues on appeal. First, they argue that Marietta Coal did not provide proper notice to them of the termination of the lease and subsequent sale of the land. Second, they argue that Marietta Coal did not remove all economically profitable coal and could not terminate the lease until that precondition was satisfied. Third, they argue that even if the lease was terminated, they had separate grazing rights over Marietta Coal's land. And fourth, they argue that they provided proper notice that they thought Marietta Coal was breaching the lease, and that this notice should have been sufficient to preserve their rights under the lease.

**{¶11}** On the first issue, the Mauersbergers argue that the lease contained a notice provision, and that it could not be terminated without proper notice. This is found in paragraph 3 of the lease, which states:

* * * if general market conditions are such that the coal on the herein described premises is not marketable to the extent that it cannot be

economically and profitably mined and removed by the Lessee, the Lessee shall have the right to terminate this Agreement by giving Lessors thirty (30) days notice in writing of said termination.

**{¶12}** The Mauersbergers' memorandum in opposition to Marietta Coal's motion for summary judgment acknowledges that "[s]ome time prior to December 19, 2002, Marietta Coal Co. demanded the plaintiffs remove all fencing and cattle from the hereinbefore described land." (11/7/11 Response in Opposition to Defendant's Motion for Summary Judgment, p. 3.) The Mauersbergers responded to the demand by having their attorney send a letter to Marietta Coal on December 19, 2002, asserting their continued right to use the property. The letter obviously reflects knowledge on the Mauersbergers' part that Marietta Coal informed them their rights had terminated. This, in turn, caused them to protest that their rights had not been terminated. It appears that Appellants are not arguing lack of notice of termination, but that the form of the notice did not comply with the lease.

**{¶13}** Although there is no document in the record that can be construed as express written notice of the termination of the lease, Marietta Coal filed the affidavit of John Nicolozakes, the president of the company, which states: "Marietta Coal has performed all of its lease obligations pursuant to Marietta Coal's lease with John and Susan Mauersberger." (Nicolozakes Aff., ¶4.) This statement is taken as true, since there is no evidence contesting it. "The affidavits filed by appellees in support of their motion for summary judgment were uncontested at the trial court level therefore, these uncontested facts do not create any genuine issue of material fact." *Carter v. Licking Cty. Bd. of Commrs.*, 5th Dist. No. 99CA43, 1999 WL 1071709, at *3 (Nov. 4,

1999). "Although the trial court is not permitted to determine the credibility of competing affidavits, if a case-making fact in the movant's affidavit is uncontested, then the court can take that fact as true and grant summary judgment accordingly." *Prendergast v. Snoeberger*, 154 Ohio App.3d 162, 2003-Ohio-4742, 796 N.E.2d 588, ¶15 (7th Dist.). Thus, we can presume that the notice provisions were either performed or waived by the parties.

{¶14} A party against whom summary judgment is sought "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Here, the Mauersbergers offered no evidence at the trial court level as to their arguments. "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E). Since no evidence was presented pursuant to Civ.R. 56, the Mauersbergers failed to bear the burden imposed upon them by *Dresher*, *supra*. Therefore, summary judgment was properly granted to Marietta Coal on this issue.

{¶15} Appellants attempt to submit on appeal the affidavit of John S. Mauersberger. This affidavit contests the affidavits submitted by Marietta Coal. In Mauersberger's affidavit, he asserts that he was never notified of the termination of the lease due to all economically minable coal having been removed. However, when an affidavit does not appear in the trial court record, it is inadmissible on appeal. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *Palmer v. Palmer*, 7th Dist. No. 12 BE 12, 2013-Ohio-2875, ¶16, citing

*State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), at paragraph one of syllabus.

**{¶16}** Appellants' second argument is that Marietta Coal was in breach of the lease by terminating the lease before mining all profitable coal from the land. It is established by the uncontroverted affidavit of Tillio Petrozzi, Marietta Coal's coal mining expert, that all coal that was economically feasible to mine was removed from the premises: "[b]ased upon a reasonable degree of professional certainty, between February 19, 1999 and April, 2001, all coal that was economically feasible to mine was removed * * * [r]emaining coal would not yield any profit * * * if it were to be removed from these properties." (Petrozzi Aff., ¶5.) Again, Appellants offered no evidence to the contrary. Thus, it is also uncontested that there was no profitable coal to remove from the land, and this was a valid reason for terminating the lease.

**{¶17}** As an additional note, Appellants failed to raise the issue as to whether all profitable coal had been mined to the trial court. "It is well-settled that issues not raised in the trial court may not be raised for the first time on appeal." *State v. Abney,* 12th Dist. No. CA2004-02-018, 2005-Ohio-146, ¶17, citing *State v. Awan*, 22 Ohio St.3d 120, 122 (1986); *State v. Childs*, 14 Ohio St.2d 56 (1968), paragraph three of the syllabus. Since the issue was not raised below and there is no evidence in support of record, we will not consider it for the first time, here.

**{¶18}** Appellants' third argument is that they retained the right to use the land even after it had been sold. There is nothing in the lease giving the Mauersbergers this right. As stated in the uncontroverted affidavit of Paul Kosky (Marietta Coal's land agent who negotiated the lease with the Mauersbergers):

That the "under control language" in said Lease was negotiated to limit and to be certain that the same was a revocable license and that if Marietta Coal did not control said premises that said revocable license would be automatically revoked. Said pasturing of cattle was merely an accommodation to Plaintiffs if the same did not interfere with the mining, reclamation or sale of said premises by Marietta Coal Company.

(Kosky Aff., ¶4.)

{¶19} Assuming once again that Marietta Coal's evidence as contained in its uncontested affidavits is true, the record reflects that the lease's silence as to any grazing right running with the land after Marietta Coal sold the premises was intentional. The Mauersbergers possessed only a revocable license to use the land for grazing while the lease was in effect or thereafter, if Mr. Mauersberger "chooses to pay a yearly fee agreed upon between himself and Marietta Coal, based on the total acres of usable pasture." (2/19/99 Lease, ¶16.) This license was revoked after the land was sold.

{¶20} As to Appellants' fourth issue, they argue that the letter from their attorney served to properly notify Marietta Coal that it was in default as per the lease. Since it is clear from the record that Marietta Coal was not in breach and properly terminated the lease, any further issues regarding Appellants' notice of breach are moot. None of Appellants' four arguments on appeal have merit, and their sole assignment of error is overruled.

## Conclusion

**{¶21}** The trial court did not err in granting Appellee summary judgment. There is no proof on the record that raise any genuine issues of material fact. Therefore, it must be accepted that Marietta Coal properly notified Appellants that it was terminating the lease; that all profitable coal had been mined from the premises by April of 2001; and that it properly undertook to sell the land used by John S. Mauersberger to graze his cattle. Since Marietta Coal was not in breach of the lease, any issues about whether Appellants properly delivered notice of the breach are moot. Because we overrule all of Appellants' arguments on appeal, we hereby affirm the judgment of the trial court granting summary judgment to Marietta Coal and overruled Appellants' motion for summary judgment.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.