[Cite as *Springer v. Springer*, 2016-Ohio-5580.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| WESLEY E. SPRINGER | ) | CASE NO. 15 JE 0001 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| KAREN SUE SPRINGER | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the Court of Common
Pleas of Jefferson County, Ohio
Case No. 2014-DR-279

JUDGMENT:     Reversed and Remanded.

APPEARANCES:

For Plaintiff-Appellee:     Atty. Aaron Richardson
4110 Sunset Blvd.
Steubenville, Ohio  43952

For Defendant-Appellant:     Atty. Mary F. Corabi
424 Market Street
Steubenville, Ohio  43952

JUDGES:

Hon. Cheryl L. Waite
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated:  August 26, 2016

WAITE, J.

**{¶1}** Karen Sue Springer ("Appellant") appeals the decision of the Jefferson County Court of Common Pleas to award her $400 monthly spousal support. Appellant contends that Wesley E. Springer ("Appellee") has been the sole earner in the household and she relies on his income because she has no potential to obtain employment. Appellant also contends that the trial court failed to expressly consider any of the R.C. 3105.18(C)(1) factors in its judgment entry. For the reasons provided, we remand this matter for a proper consideration of the R.C. 3105.18(C)(1) factors.

Factual and Procedural History

**{¶2}** Appellant and Appellee were married on November 27, 1979. During the marriage, it appears that Appellee was employed on a full-time basis. Appellant was primarily a homemaker, but did hold a few part-time jobs throughout the marriage. It is uncontested that Appellee was the primary source of income. Appellee is currently retired and receives $1,598 per month from Social Security. On September 11, 2014, Appellee filed a complaint for divorce. At the time of the proceedings, Appellant was 58 years old and Appellee was 63 years old. Appellant was living with her daughter and testified that she contributed her $400 spousal support award towards her daughter's bills. Appellee lived in an apartment.

**{¶3}** The parties reached a partial agreement as to the distribution of assets. The parties agreed that each would retain all personal effects and all items currently in their possession. Appellant received the family car, valued at $15,000. Appellee retained his apartment. Appellee had a 401(k). The parties agreed that $100,000

would be taken out to pay the family's debt and $25,000 would be used to pay the parties' tax liability. The parties owned a house valued at $58,500. They agreed that their daughter would have 60 days to obtain financing in order to buy the house. If their daughter could not obtain financing, the parties agreed that the house would be sold. They also agreed that $3,500 from the sale proceeds would be used to pay Appellant's attorney fees and the remainder would be divided equally between them.

{¶4} On September 25, 2014, the trial court issued temporary orders. Relevant to this appeal, Appellant was awarded $400 per month in spousal support. On December 15, 2014, a hearing was held and both parties testified. Appellant testified that she was living with her daughter but wanted to move out. She estimated that her rent would likely be $550 per month. She estimated the costs of the following utilities: electric and gas $60-100, trash $60 every three months, cable $50, and water $20. She also estimated her food expenses as $150. She testified that her current cell phone bill is $45 per month and her life insurance policy is $9.90 per month. She testified that she is currently unemployed and cannot work due to her poor health. She testified that she has a high school diploma and only minimal work experience as a part-time assistant chef at a restaurant and part-time board of elections judge. She stated that she was a homemaker throughout the majority of the marriage.

{¶5} Appellee testified that he currently lived in an apartment and his rent was $550 per month. He estimated his monthly utility bills as follows: water bill approximately $100, cable bill $157, and electric bill $105.74. He stated that he

additionally pays $19.35 per month for his life insurance policy. He testified that he spends $150 per month for food. He estimated his personal expenses are $50 per month, his haircut is $16 per month, and entertainment is $50 per month. He also testified that he has regular medical bills each month. His expenses totaled $1,234 and he additionally pays Appellant $400 in spousal support, bringing his total monthly expenses to $1,634.

{¶6} The trial court acknowledged that Appellee's monthly income is insufficient to support both parties. The court noted that Appellant was currently living with her daughter. The court explained that if Appellee were required to give Appellant half of his income, he would lose his apartment. Recognizing that $400 per month in spousal support would allow both parties to have a place to live, the court determined that the spousal support award would remain at $400 per month. Appellant timely appealed. Appellant presents two assignments of error. As the second assignment of error is determinative, it will be addressed first.

<u>Second Assignment of Error</u>

The trial court erred in failing to address the statutory factors listed in O.R.C. Section 3105.18(C) when it made its award of spousal support and therefore it was an abuse of discretion.

{¶7} Appellant asserts that a trial court is required to analyze the R.C. 3105.18 factors and cannot base its decision on one factor, alone. Appellant argues that the trial court's decision was solely based on its belief that mutually satisfactory award could not be obtained due to the limited income of the parties. As the trial

court failed to expressly consider any of the R.C. 3105.18 factors, Appellant contends that the court's decision amounts to an abuse of discretion.

{¶8} In response, Appellee argues that many of the factors were inapplicable and a lack of evidence exists as to other factors. Without citing to the record, Appellee contends that it is clear that the trial court attempted to address the factors.

{¶9} A "trial court is not required to separately comment on each factor, but it must indicate the basis for an award of spousal support in sufficient detail to enable a reviewing court to determine that the award is fair, equitable, and in accordance with the law." *Wharton v. Wharton*, 7th Dist. No. 12 HA 1, 2013-Ohio-5531, ¶ 8, citing *Boney v. Boney*, 7th Dist. No. 09 NO 363, 2010-Ohio-4245, ¶ 23. If the court's entry "does not provide some illumination of the facts and reasoning for the award, the case should be remanded." *Id.* at ¶ 23, citing *Lepowsky v. Lepowsky*, 7th Dist. No. 04 CO 42, 2006-Ohio-667, ¶ 52-55.

{¶10} Here, the trial court's decree of divorce entry merely announces its spousal support award and fails to mention either R.C. 3105.18 or the manner in which it arrived at its ultimate determination. The record reflects that the trial court did not mention R.C. 3105.18 factors at the hearing. At hearing, the court stated: "I'm inclined to leave it the way it is. She's getting 400. He really can't afford it. But she's living with her daughter." (Tr., pp. 25-26.) The court further stated: "He's got to live, too, and I've got to take advantage of whatever they got. She's got a place to stay and he doesn't. I mean, he's got one, but he's paying for it. I mean, there's nothing good here I can do." (Tr., p. 26.)

**{¶11}** While it does appear that the trial court was faced with limited options, Ohio law clearly requires a trial court to demonstrate that it considered the R.C. 3105.18(C) factors in order to provide a meaningful review. Even when confronted with a dearth of evidence, the law specifically requires some indication that the factors were considered. As the trial court failed to do so both in its judgment entry and at the hearing, Appellant's second assignment of error has merit and is sustained.

<u>First Assignment of Error</u>

The trial court erred and abused its discretion in not equalizing the household income following the termination of a thirty five [sic] (35) year marriage.

**{¶12}** Appellant argues that Appellee was awarded 75% of the parties' income and she has no means to support herself due to her poor health and lack of job skills. Citing *Wormsley v. Wormsley,* 3d Dist. No. 9-14-04, 2014-Ohio-3086, Appellant argues that equalization of income is proper when the parties have been in a long marriage and the wife lacks education and has only worked part-time jobs during the marriage. As the parties were married for 35 years and Appellant held only two part-time jobs, she argues that the trial erred by not equalizing the parties' income.

**{¶13}** In response, Appellee points out that, in addition to spousal support, Appellant was given: a car valued at $15,000; $3,000 towards her attorney fees; and one-half of the proceeds from the sale of their house, after her attorney fees are

deducted. Additionally, Appellee argues that Appellant would receive Social Security benefits less than two years after the judgment was entered. Appellee also argues that Appellant's spousal support award is enough to meet her current bills. Appellee claims that Appellant misrepresented her expenses when she testified that she estimated expenses to include $550 in rent and over $100 in utilities despite the fact that she testified that she lives with her daughter for free. Appellee calculates Appellant's expenses without these costs as $452.90, which is only $50 in excess of her spousal support award.

**{¶14}** Based on our holding on Appellant's second assignment of error, this issue is moot.

## Conclusion

**{¶15}** Appellant argues that the trial court failed to expressly consider any of the R.C. 3105.18(C)(1) factors. While the record is limited, the trial court failed to demonstrate that it considered any of the factors in both its judgment entry and at the hearing. Accordingly, Appellant's second assignment of error has merit and this matter is remanded for consideration of the factors. Appellant also argues that the factors favor a larger spousal award in her first assignment; however, this issue is moot.

DeGenaro, J., concurs.

Robb, J., concurs.